J-A30015-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                      :          PENNSYLVANIA
                      :

        v.                    :
                      :
                      :

LAWRENCE E. LABRYER        :
                      :

        Appellant        :   No. 945 WDA 2017

Appeal from the PCRA Order May 31, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005934-2010

BEFORE:   SHOGAN, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:            FILED APRIL 30, 2019

Appellant, Lawrence E. Labryer, appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  After careful review, we affirm.

The PCRA court set forth the following procedural and factual history:

> This case has a complex and somewhat tortured procedural history. [Appellant] was charged with Rape, Unlawful Contact with a Minor, Aggravated Indecent Assault, Statutory Sexual Assault, Endangering the Welfare of a Child, Indecent Exposure, Corruption of Minors and Indecent Assault.  Following a jury trial held before this [c]ourt, [Appellant] was found not guilty of one (1) count of Rape but was found guilty of all remaining charges. Following a hearing held before this [c]ourt on February 14 and 16, 2012, this [c]ourt found [Appellant] to be a Sexually Violent Predator (SVP) and imposed consecutive terms of imprisonment of 10 to 20 years at the Rape charge, five (5) to 10 years at the Unlawful Contact with a Minor charge and two and one half (2 1/2) to five (5) years at the Corruption of Minors charge, for an aggregate term of imprisonment of 17 1/2 to 35 years.  Timely Post-Sentence Motions and Supplemental Post-Sentence Motions

_____

*   Retired Senior Judge assigned to the Superior Court.

were filed and were denied on July 31, 2012. No direct appeal was taken.

On January 14, 2013, [Appellant] filed a [pro se] Post Conviction Relief Act Petition. Counsel was appointed and an Amended Petition followed on March 14, 2013. After reviewing the Amended Petition and the Commonwealth's response thereto, this [c]ourt entered an Order on June 26, 2013[,] which vacated the prior sentence, dismissed the Unlawful Contact with a Minor, Endangering the Welfare of a Child, Indecent Exposure, Corruption of Minors and Indecent Assault charges and re-imposed consecutive terms of imprisonment of 10 to 20 years at the Rape charge and 5 to 10 years at the Aggravated Indecent Assault charge. This [c]ourt's SVP determination was also continued. Timely Post-Sentence Motions were filed and were denied on July 9, 2013. The judgment of sentence was affirmed on June 24, 2014[,] and [Appellant's] subsequent Petition for Allowance of Appeal was denied on October 8, 2014.

No further action was taken until February [12], 2015, when [Appellant] filed a [pro se] Post Conviction Relief Act Petition. Tom Farrell, Esquire, was appointed to represent [Appellant] and, after making six (6) requests for extensions of time, filed an Amended PCRA Petition on April 15, 2016.

Thereafter, before any action could be taken on the Amended Petition, [Appellant] filed a [pro se] Motion for Recusal of Trial Judge. That Motion was eventually denied by this [c]ourt on August 11, 2016. [Appellant] attempted to appeal that Order to Superior Court, but his appeal was dismissed on September 11, 2017 for his failure to file a brief.

On July 14, 2016, Attorney Farrell filed a Supplemental Amended Post Conviction Relief Act Petition with this [c]ourt. Thereafter, [Appellant] sought counsel's removal through a [pro se] Motion for Removal of PCRA Counsel and Permission to Proceed [Pro Se]. Although this [c]ourt initially denied that motion on September 15, 2016, a Grazier[1] hearing was held on October 3, 2016[,] and at the conclusion of the hearing, this [c]ourt allowed [Appellant] to proceed [pro se] on his PCRA

_____

[1] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

Petition. Thereafter, on May 4, 2017, [Appellant] filed a "[pro se] Amendment to Counseled PCRA Petition". After reviewing the record in its entirety, this [c]ourt dismissed the Petition without a hearing on May 31, 2017. This appeal followed.

Briefly, the evidence presented at trial established that beginning when [S.F.] was 14 and continuing until age 15, she was raped repeatedly by [Appellant], who was her mother's boyfriend. At age 15 she became pregnant and had a daughter, [H.], who is being raised by [S.F.'s] father and step-mother. A paternity test stipulated to by [Appellant] confirmed that [Appellant] is [H.'s] father.

Trial Court Opinion, 3/15/18, at 1–3. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Although Appellant purported to raise two issues for our review, so far as this Court can discern, it appears Appellant has raised three issues: 1) Whether the trial court erred when it injected its personal opinion about Appellant during the trial; 2) Whether the trial court erred in denying Appellant's motion to suppress due to a violation of his rights established in Miranda v. Arizona, 384 U.S. 436 (1966); and 3) Whether Appellant's trial counsel was ineffective for failing to investigate/interview/present the testimony of witnesses willing to testify to Appellant's character and relationship with the victim. Appellant's Brief at 2, 11, 14, 18.

In his first two issues, Appellant alleges that the trial court violated his due process rights when it injected its opinion about Appellant during trial and when it denied Appellant's motion to suppress based upon an alleged Miranda violation. Pursuant to 23 Pa.C.S. § 9544(b), "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial during

- 3 -

unitary review, on appeal or in a prior state postconviction proceeding." See also Commonwealth v. Mitchell, 105 A.3d 1257 (Pa. 2014) (finding waiver where counsel failed to raise a claim of trial court error on direct appeal). Both the issues of alleged trial court bias and trial court error as it relates to Appellant's motion to suppress based on an alleged Miranda violation could have been raised on direct appeal. Because Appellant failed to do so, those claims are waived and Appellant is due no relief. Commonwealth v. Abdul-Salaam, 808 A.2d 558, 560 (Pa. 2001).

In his third issue, Appellant appears to argue that his trial counsel was ineffective for failing to call witnesses who would have testified to his character and the nature of his relationship with the victim. Appellant's Brief at 18. Pursuant to well-established case law,

> In order to obtain relief based on a claim of ineffectiveness, a PCRA petitioner must satisfy the performance and prejudice test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Pennsylvania, we have applied the Strickland test by looking to three elements. Thus, in order to succeed on a claim of ineffectiveness, the petitioner must establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975 (1987).

Commonwealth v. Lesko, 15 A.3d 345, 373–374 (Pa. 2011). A failure to satisfy any prong of the test requires rejection of the ineffectiveness claim. Commonwealth v. Ali, 10 A.3d 282, 291 (Pa. 2010). "If it is clear that

Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998).

In his brief, Appellant avers that there were several individuals prepared to testify about the nature of his relationship with the victim. Appellant's Brief at 19–21. Specifically, Appellant asserts that (1) K.S. would have testified that Appellant's victim would skip school so she could spend time with Appellant, Appellant's Brief at Exhibit B1–B2; (2) E.S. would have testified that she believed Appellant and the victim were in a relationship at the time of the abuse, Appellant's Brief at Exhibit B-3; (3) K.L.W., who is Appellant's former paramour, would have testified that she met the victim and the victim repeatedly said how much she loved Appellant, wanted to marry him, wanted to have more of his children, and showed no fear towards Appellant, Appellant's Brief at B4–B5; and (4) H.B. would have testified that the victim's father threatened to have rape charges filed against Appellant during a phone conversation H.B. overheard between them. Appellant's brief at B7-B8.[2]

---

[2] Appellant also asserts that W.P., an individual that attended Appellant's trial, would have testified to the bias of the trial judge, but as discussed supra, that claim was not raised on direct appeal and is waived.

Appellant is due no relief because he fails to set forth how he was prejudiced by counsel's alleged ineffectiveness. It is unclear what benefit could be gained from Appellant calling witnesses who would testify that he had a relationship with the victim, who was between fourteen and fifteen years old at the time he raped her. Indeed, as the Commonwealth argues in its brief:

> To the extent that [A]ppellant's argument can be deciphered, it appears that its central thrust is that the testimony of several witnesses would tend to exculpate him because they would show that he and the child victim had a close relationship. However, [A]ppellant is unable to demonstrate that it was professionally unreasonable for his counsel not to present such testimony to the jury. Just as a matter of common sense, that cannot be a reasonable strategy to endear a defendant on trial for raping a girl of fourteen or fifteen years of age. Indeed, it is a strategy almost certainly calculated to alienate the jury.

Commonwealth's Brief at 15–16. We agree with the Commonwealth. Appellant has failed to show he was prejudiced by his counsel's failure to call certain witnesses on his behalf. Hence, Appellant is due no relief.

Finally, although Appellant has not alleged that his sentence is illegal, this Court may raise the legality of a sentence sua sponte. Commonwealth v. Tanner, 61 A.3d 1043, 1046 (Pa. Super. 2013). It is well established that an illegal sentence must be vacated. Id. Following a long and circuitous procedural route, Appellant was ultimately designated a Sexually Violent Predator ("SVP") under the Sexual Offender Registration and Notification Act, 42 Pa.C.S. § 9799.24. Order of Sentence – Post Conviction Relief Act (Resentence), 6/26/13. While Appellant's PCRA appeal was pending, our

Supreme Court handed down Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), which holds that the framework for designating an individual an SVP violates both the state and federal constitutions. As such, we are compelled to vacate the trial court's June 26, 2013 judgment of sentence insofar as it designates Appellant as an SVP. Commonwealth v. Butler, 173 A.3d 1212, 1218 (Pa. Super. 2017).

SVP designation vacated. Order affirmed in all other respects.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/30/2019